UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY JUDKA, | : | NO. 1:24-CV-00531 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| DENNIS EMMEL, *et. al.* | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

Pending before the Court are motions to dismiss Plaintiff Jeffrey Judka's Second Amended Complaint (doc. 26) filed by Defendants Dennis Emmel, Michael Smith, Maxine Moul, Greg Moul, Chadwell Keesee, George Schruefer, Christopher Eberly (Individual Defendants) (doc. 27), and Defendant Delta Cardiff Volunteer Fire Company (DCVFC) (doc. 49).

### I.   BACKGROUND[1]

In this employment discrimination case, Judka, a volunteer member of DCVFC and Fire Police Officer, sued DCVFC, a nonprofit fire company in Delta, Pennsylvania, and several of its officers and firefighter

---

[1] In considering this motion to dismiss, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

members, the Individual Defendants. Second Amended Complaint, Doc. 26 ¶¶ 4-9.

Judka has served as a volunteer with DCVFC for over a decade. *Id.* ¶ 19. In 2017, Judka disclosed to some of the Individual Defendants that he is Jewish. *Id.* ¶ 20. After Judka revealed his Jewish identity, he was "subjected to a pattern of anti-Semetic remarks, ridicule, and exclusion" by his fellow members. *See id.* ¶ 21. From 2017 through 2022 and 2023, Judka objected to anti-Semetic comments and raised concerns about the discrimination he faced. *Id.* ¶¶ 21-22. In August 2023, following a disciplinary hearing, DCVFC suspended and demoted Judka. *Id.* ¶¶ 23-24.

Judka filed a charge of discrimination with the EEOC, and on February 13, 2024, received notice of a right to sue. *Id.* ¶ 14. On March 29, 2024, Judka filed a complaint against the Individual Defendants. Doc. 1. The Individual Defendants filed a motion to dismiss, doc. 8, which the Court granted, but allowed Judka to file an amended complaint. *See* docs. 17, 18. Judka filed an amended complaint, adding DCVFC as a named defendant, and the Individual Defendants again moved to dismiss. Docs. 20, 23. Before the Court could rule on that motion, Judka filed a second

amended complaint. Doc. 26. Finding the second amended complaint warranted, the Court deemed the second amended complaint as operative. July 17, 2025, Order, Doc. 28.

In the second amended complaint, Judka alleges four counts: (1) Title VII – Retaliation; (2) PHRA – Retaliation; (3) 42 U.S.C. § 1983 – First Amendment Retaliation; and (4) § 1983 – Due Process. Doc. 26 ¶¶ 28-42. Judka brings counts three and four against the Individual Defendants, and all counts against DCVFC. *Id.* The Individual Defendants and DCVFC moved to dismiss the second amended complaint, docs. 27, 49, and the parties have fully briefed the motions, docs. 31, 33, 36, 52, 56, 58.[2] The parties consented to the jurisdiction of a

---

[2] Both the Individual Defendants and DCVFC also included in their motions to dismiss motions to strike a portion of the second amended complaint. *See* Docs. 31, 52. As they highlight, paragraphs 26 and 27 discuss events that do not relate directly to Judka's claims. *See* Doc. 26 ¶¶ 26-27. Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Relief under Rule 12(f), however, is generally disfavored, and will be denied unless the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Fiorentino v. Cabot Oil & Gas Corp.*, 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010). As these paragraphs do not affect the outcome of the defendants' motions to dismiss, and finding no prejudice, the Court will deny the motions to strike. Because the Court grants Judka leave to file a third amended complaint, Judka is advised to plead only relevant factual allegations.

United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 47. The motions to dismiss are thus ripe for disposition.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

A district court must conduct a three-step analysis when considering the sufficiency of a complaint under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. Third, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211, quoting *Iqbal*, 556 U.S. at 679. A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210, quoting *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A complaint filed by a *pro se* litigant is to be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.  DISCUSSION

Judka brings claims under Title VII, PHRA, and § 1983. Doc. 26 ¶¶ 28-42. The Court begins with the § 1983 claims as they are alleged against all the defendants, before turning to the Title VII and PHRA claims, which are alleged against only DCVFC.

### A.  42 U.S.C. § 1983—State Action Requirement

The threshold issue in a § 1983 case is whether a defendant acted under color of state law in depriving a plaintiff's constitutional rights. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue."). This is because § 1983 "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999), quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

All defendants argue that Judka's § 1983 claims fail because they did not act under color of state law to deprive Judka of his constitutional rights. Doc. 31 at 8; Doc. 52 at 21. Judka, in opposition, argues that he has alleged sufficient facts which "plausibly support the inference that DCVFC operated under color of state law and exercised power derived from state authority." Pl.'s Br., Doc. 56 at 20-21; *see also* Pl.'s Br., Doc. 33

at 3 (arguing that the Second Amended Complaint alleges that DCVFC and Delta Borough were "structurally and operationally intertwined").

To state a claim for relief in an action brought under § 1983, a litigant must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. *Sullivan*, 526 U.S. at 49-50. In § 1983 cases, "under color of law" has been "treated as the same thing" as the Fourteenth Amendment's "state action" requirement. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995) (collecting cases). The state action principle requires that "constitutional standards are invoked only when it can be said that the [government] is *responsible* for the specific conduct of which the plaintiff complains." *Id.* at 1141-42 (emphasis in original), citing *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 632 (1991). The central question, then, is whether the state is responsible for DCVFC's conduct in demoting and suspending Judka.

The Court finds that Judka has not alleged any facts to indicate that DCVFC's conduct in demoting and suspending Judka was carried out with state authority. The only allegation that addresses the state action requirement is a legal conclusion. *See* Doc. 26 ¶ 37 ("Defendants,

acting under color of state law, retaliated against Plaintiff[.]"). The Court must discard such bare legal conclusions. *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555.

Judka additionally argues that courts have "repeatedly recognized that volunteer fire companies may qualify as state actors where they perform delegated governmental responsibilities or are intertwined with municipal authority." Doc. 56 at 21. Indeed, the Court of Appeals for the Third Circuit has determined that a volunteer fire company was a state actor under § 1983. *Mark*, 51 F.3d at 1148. That holding, however, was narrowly confined to the factual circumstances of that case. *Id.* ("In the circumstances, we hold that Enterprise is a state actor for purposes of this case."). And *Mark* is readily distinguishable from this case.

The plaintiff in *Mark* sought to recover losses from a fire, alleging a constitutional deprivation that arose from a firefighter setting fire to the plaintiff's property. *Id.* at 1140. Under that factual circumstance, the *Mark* court determined that "the allegation of an unconstitutional deprivation is *related directly* to the Borough's agreement with Enterprise that the latter would be the official provider of fire services." *Id.* at 1144 (emphasis added). No such facts are alleged here.

The crux of Judka's § 1983 claim is that he was demoted and suspended after raising concerns that he suffered discrimination for being Jewish. Doc. 26 ¶¶ 35-42. His demotion and suspension do not even remotely relate to the volunteer fire company's arguable state action in providing fire services. Because Judka has pleaded no facts to allege that any of the defendants acted under color of state law, and DCVFC's provision of public services does not relate to the constitutional violation that Judka alleges, Judka's section 1983 claims fail at the threshold, and will be dismissed.

## B.     Title VII and PHRA Retaliation and Discrimination

Turning to Judka's retaliation claims under Title VII and PHRA, the Court first addresses DCVFC's objection that Judka's Title VII claim is time barred.

### 1.     *Judka's Title VII claim is not time barred.*

DCVFC argues that Judka's Title VII claim is time barred for failure to bring suit within 90 days of the receipt of EEOC's right to sue letter. DCVFC's Br., Doc. 52 at 7. DCVFC contends that although Judka filed the initial complaint within the 90-day time period, Judka did not name DCVFC as a defendant until June 20, 2025, well beyond the 90-day

deadline. *Id.* at 11. It further argues that Judka has asserted no equitable basis for tolling. *Id.* at 12. In opposition, Judka argues that the operative complaint naming DCVFC relates back to the original complaint as DCVFC reasonably should have understood that it was an intended defendant and that its omission in the caption was the result of a mistake by the Plaintiff, who filed the initial complaint *pro se*. Pl.'s Br., Doc. 56 at 12.

To bring a claim under Title VII, a plaintiff must file a charge of discrimination with the EEOC and procure a notice of the right to sue. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013). This procedural requirement ensures that a plaintiff's claims fall "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Id.*, citing *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996). Once a plaintiff procures a notice of the right to sue, if he chooses to bring a private action, "it must be filed within 90 days of the date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge." *Burgh v. Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001), citing 42 U.S.C. § 2000e–5(f)(1). The Third Circuit has strictly construed the 90-day time limit and has held that, without an

equitable basis for tolling, a civil suit filed "even one day late is time-barred and may be dismissed." *Id.*

Although the Third Circuit strictly construes the 90-day time limit to file suit, Title VII "does not contain a statute of limitations applicable to joinder." *Brzozowski v. Corr. Physician Servs. Inc.*, 360 F.3d 173, 180 (3d Cir. 2004). "The Act does not address . . . whether an additional defendant may be joined after the 90–day period has expired." *Id.* And while courts have strictly construed the 90-day limitations period against plaintiffs who either misnamed the appropriate party in their complaint or have otherwise entirely failed to meet the filing requirements in the statute, those cases are "distinguishable from the litigation here where the original complaint was timely filed." *Id.*

Here, as was the case in *Brzozowski*, Judka has filed the initial complaint, as DCVFC concedes, within the 90-day time period. Doc. 1; Doc. 52 at 11. Judka has, therefore, met Title VII's procedural requirement. And because Title VII does not set any time limit on joining additional defendants once the complaint is timely filed, Rule 15(c) relation back doctrine has no application here. "The relation back provisions of Rule 15 are primarily concerned with alleviating unfair

prejudice in circumstances involving statutes of limitations." *Brzozowski*, 360 F.3d at 182. In a case where no statute of limitations applies, the doctrine "has no controlling force." *Id*.

Nonetheless, were Rule 15(c) to apply here, Judka's second amended complaint does relate back to the date of the original pleading. *See Brzozowski*, 360 F.3d at 180. Under that rule, an amendment to a complaint relates back to the date of the original pleading when: (1) permitted by the statute of limitations applicable to the action; (2) the claim or defense arose out of the conduct, transaction, or occurrence set forth in the original pleading; or (3) the amendment changes a party and the foregoing (2) is satisfied. *Id.*, citing Fed. R. Civ. P. 15(c). When relation back is based on the third option, the party to be joined must also have received notice of the suit within the 120-day period under Rule 4(m), must not be prejudiced in maintaining a defense, and should have known that, but for a mistake in identity, the suit would have been brought against it. *Id*.

Under either the second or the third factor of Rule 15(c)(3), Judka's second amended complaint relates back to the date of the original pleading. The second factor is easily satisfied as Judka's claim arises out

of the same conduct, transaction, and occurrence set forth in the original complaint. Docs. 1, 26. The third factor is also satisfied as the second amended complaint adds DCVFC and the second factor is satisfied. *Id.* And DCVFC knew or should have known that the suit would be brought against it as Judka filed an EEOC charge against it and named DCVFC in the original civil cover sheet in this case. *See* Doc. 1-1 at 1; Doc 1-2 at 1. Additionally, Judka served the original complaint on several DCVFC board members, named as defendants, including the Company's President, CEO and Vice President, and Secretary, within the time period allowed by Rule 4(m), so the company had the requisite notice. Neither is DCVFC prejudiced in maintaining a defense. Therefore, Judka's Title VII claim is not time barred.

> 2. *Judka has sufficiently pleaded Title VII and PHRA retaliation claims.*

Having determined that Judka's Title VII claim is not time barred, the Court examines whether Judka's retaliation claims under Title VII and PHRA survive the motions to dismiss.[3]

---

[3] The Court addresses retaliation claims under Title VII and PHRA together as they fall under the same analytical framework. *Qin v. Vertex, Inc.*, 100 F.4th 458, 470 (3d Cir. 2024). As DCVFC acknowledges (doc. 52 at 13), so long as the Court has original jurisdiction over the civil action,

DCVFC argues that Judka fails to plead sufficient facts to support his retaliation claims. Doc. 52 at 13. It asserts that Judka fails to "establish a prima facie case" of retaliation because he fails to demonstrate a causal connection between his objections to discriminatory conduct and subsequent demotion and suspension. *Id.* at 13-14. DCVFC's argument starts on the wrong foot.

At the pleading stage, a plaintiff is not "required to establish a *prima facie* case." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 791 (3d Cir. 2016); *Gavura v. Pa. State House of Reps.*, 55 F. App'x 60, 65 (3d Cir. 2002) ("*McDonnell Douglas* standard is an evidentiary standard, not a pleading requirement."). To plead a retaliation claim, Judka must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) he engaged in conduct protected by Title VII; (2) the employer took adverse action against him; and (3) a causal link exists between his protected conduct and the employer's adverse action. *Connelly*, 809 F.3d at 789. Judka's factual

---

the Court has supplemental jurisdiction over the state PHRA claim, which arises from the same case and controversy. *See Burgh*, 251 F.3d at 469 ("The District Court had original federal question jurisdiction over the Title VII claim, . . . and supplemental jurisdiction over the PHRA claim, pursuant to 28 U.S.C. § 1367(a).").

allegations raise a reasonable expectation that discovery will reveal evidence of these three elements.

To begin with, DCVFC concedes the first two elements and only challenges whether Judka has sufficiently pleaded causality. *See* Doc. 52 at 14 ("Moving Defendant does not dispute that Plaintiff engaged in protected activity . . . . Further, it is not disputed that a suspension and demotion are . . . adverse employment actions.").

As for causality, Judka has pleaded that throughout 2022 and 2023, he raised concerns about discriminatory practices. Doc. 26 ¶ 22. Following his protected activity in raising concerns about the discrimination he faced, DCVFC conducted a disciplinary hearing in 2023 and took the adverse employment action against Judka. *Id.* ¶ 23. Although Judka did not allege a detailed date of when he last made complaints about the discrimination, at this stage, he is not required to plead "detailed factual allegations." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), quoting *Twombly*, 550 U.S. at 555. "In any case, the question of temporal proximity does not render [Judka's] retaliation claim facially implausible." *Connelly*, 809 F.3d at 792. Accordingly, the Court finds that Judka has alleged facts that could

support a reasonable inference of a causal connection between his protected activity throughout 2022 and 2023 and the adverse employment action in August 2023. *See id.* at 793.

Accordingly, the Court will deny the motion to dismiss as to both the Title VII and PHRA claims.

### 3. Religious Discrimination Claim

In his brief in opposition to DCVFC's motion to dismiss, Judka argues, apparently for the first time, that he has alleged a religious discrimination claim and that by failing to address it, DCVFC has forfeited any arguments on this claim. Doc. 56 at 15-16. Indeed, DCVFC has not made any argument against Judka's religious discrimination claim. *See* Doc. 52. But Judka did not include a religious discrimination claim in his causes of action in the second amended complaint. *See* Doc. 26. The only causes of action he has alleged are the § 1983 claims, and Title VII and PHRA retaliation claims, discussed above. *See id.* ¶¶ 28-42 (alleging four causes of action which do not include a claim of religious discrimination).

Judka, however, was proceeding *pro se* at the time he filed the operative complaint and did state in the introductory paragraph that he

"brings this civil rights action . . . for religious discrimination in violation of Title VII[.]" Doc. 26 at 2. But that statement alone helps neither DCVFC nor the Court as there are several different theories of liability for religion-based discrimination available under Title VII, including disparate treatment and impact, and hostile work environment. And the evidence required to prevail on a religious discrimination claim under Title VII depends upon the theory of liability, and on the facts of a particular case. *Korman v. Settlers Hosp. Grp., LLC*, No. 22-1579, 2024 WL 5430600, at *3 (M.D. Pa. Mar. 5, 2024), citing *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 411 (3d Cir. 1999), *report and recommendation adopted*, No. 22-1579, 2025 WL 608628 (M.D. Pa. Feb. 25, 2025). Given the lack of specificity regarding what type of religious discrimination claim Judka intended to bring, and the lack of specific factual allegations regarding such a claim, the Court cannot construe the operative complaint to include such a claim, even under the generous standards applicable to a *pro se* complaint. To do so would necessarily require a finding that DCVFC had sufficient notice of such a claim and should have addressed it in its motion to dismiss.

Because Judka was proceeding *pro se* when he filed the second amended complaint, the Court will grant Judka leave to file a third amended complaint to allow him an opportunity to fully plead any potential claims of religious discrimination if he wishes to do so and to cure, if possible, the deficiencies in the § 1983 claims noted above.

## IV.   CONCLUSION

Accordingly, the Individual Defendants' motion to dismiss, doc. 27, is granted in its entirety, and DCVFC's motion to dismiss, doc. 49, is granted in part and denied in part. The plaintiff may amend his complaint, but if he does not do so, the only claims that will go forward are the Title VII and PHRA Retaliation claims against DCVFC. An appropriate order follows.

Date: January 21, 2026                    s/*Sean A. Camoni*
                                          Sean A. Camoni
                                          United States Magistrate Judge